*421
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Stephen K Peters, an attorney licensed to practice law in Louisiana but currently suspended.
 

 UNDERLYING FACTS
 

 The underlying facts of this matter are not in dispute, having been stipulated to by the parties.
 

 On September 14, 2005, Heddy Forrest hired respondent to represent her in filing a Chapter 7 bankruptcy proceeding. On the same day, Ms. Forrest paid respondent a flat fee of $600 plus $209 for filing costs in cash. Respondent failed to deposit the advance payment of filing costs into a trust account until the costs were utilized for their intended purpose.
 

 Ms. Forrest desired to file bankruptcy before the new bankruptcy laws took effect on or about October 17, 2005. However, she was hospitalized from October 12, 2005 to October 23, 2005.
 
 [1]
 
 After her release from the hospital, Ms. Forrest learned that respondent had not filed her bankruptcy petition. Therefore, she terminated the representation and requested a full refund. Despite the fee dispute, respondent failed to deposit or maintain the disputed fee in a trust account.
 

 |2On. November 28, 2005, Ms. Forrest filed a disciplinary complaint against respondent, seeking a refund of the unearned fees and costs. On December 15, 2005, Ms. Forrest sued respondent for breach of contract, seeking a refund of the unearned fees and costs. Despite Ms. Forrest’s efforts, respondent has taken no steps to resolve the fee dispute. However, on or about June 20, 2006, he purchased a money order in the amount of $209, made payable to Ms. Forrest, representing a refund of the advanced payment of the filing costs received from Ms. Forrest on September 14, 2005. Between September 14, 2005 and June 20, 2006, respondent converted the $209 to his own use.
 

 DISCIPLINARY PROCEEDINGS
 

 In April 2007, the ODC filed one count of formal charges against respondent. Initially, respondent answered the formal charges, denying any misconduct. However, later, respondent and the ODC entered into a joint stipulation of facts and rule violations, wherein the parties stipulated
 
 *422
 
 that respondent violated Rules 1.5(f)(4) (failure to deposit advanced payment of costs into a trust account), 1.5(f)(5) (failure to refund an unearned fee and failure to deposit disputed fees into a trust account), 1.15(a) (failure to hold client funds separate from the lawyer's own funds), 1.15(c) (failure to deposit and maintain advance payment of costs in a trust account), 1.16(d) (failure to refund an unearned fee upon termination of the representation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 On June 29, 2007, this court suspended respondent for three years for sixteen counts of misconduct that took place between 1991 and 2004, prior to the instant misconduct.
 
 In re: Peters,
 
 07-0349 (La.6/29/07), 959 So.2d 846 (hereinafter | ¡¡referred to as
 
 “Peters I
 
 ”). Among other misconduct, respondent’s misconduct in
 
 Peters I
 
 involved failure to refund unearned fees, failure to place disputed funds into a trust account, and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, similar to the misconduct with which he is charged in the instant matter.
 

 Formal Hearing
 

 This matter proceeded to a formal hearing on the merits. No witnesses were called to testify at the hearing. Respondent agreed to submit the fee dispute to fee arbitration, in accordance with the following joint stipulations of fact:
 

 22) $600 represents the fee disputed by Ms. Forrest. Respondent will immediately deposit $600 into a trust account and maintain the disputed fees in a trust account until the fee dispute is resolved;
 

 23) Respondent will immediately submit the fee dispute to fee arbitration through the Louisiana State Bar Association’s Alternative Fee Dispute Resolution Program and agrees to be bound by the fee arbitrator’s determination as to the amount of unearned fees; and
 

 24)Respondent will comply with the fee arbitrator’s decision by immediately refunding any unearned fees to Ms. Forrest.
 

 Hearing Committee Report
 

 After considering the evidence presented at the hearing, the hearing committee made no factual findings but appeared to accept the parties’ stipulation of facts. Based on the stipulations, the committee found by clear and convincing evidence that respondent violated Rules 1.5(f)(4), 1.5(f)(5), 1.15(a), 1.15(e), 1.16(d), and 8.4(c) of | ¿the Rules of Professional Conduct. With respect to the 8.4(c) violation, the committee explained that the violation was based on respondent’s conversion of $209 in filing fees, which respondent kept in the form of cash for approximately nine months. The committee relied upon the case of
 
 Louisiana State Bar Ass’n v. Krasnoff,
 
 488 So.2d 1002 (La.1986), wherein this court held that
 

 when an attorney relies upon a “black box” defense, viz., that he kept client funds secretly but securely in a private safe or similar unregulated depository, the likelihood of actual embezzlement is so great, and the policy of professional responsibility in protecting the client from such risks so strong, that it should be presumed that the attorney is guilty of embezzlement unless he successfully carries both the burden of going forward with the evidence and the burden of persuasion otherwise.
 

 Applying
 
 Krasnoff,
 
 the committee determined that respondent is presumed to have converted the $209 to his own use, and thus, violated Rule 8.4(c).
 

 
 *423
 
 The committee determined that respondent violated duties owed to his client and the legal profession. The committee also determined that respondent acted intentionally and knowingly considering the fact that he had already been charged with similar misconduct in
 
 Peters I.
 
 As a result of formal charges being filed against him in
 
 Peters I,
 
 the committee found that respondent should have modified or changed his conduct. The committee also indicated that it found aggravating factors present, which it did not list. The committee did not find any mitigating factors present.
 

 Under these circumstances, the committee recommended that respondent be suspended for six months to run concurrent with his pending suspension in
 
 Peters I.
 
 The committee further recommended that respondent be ordered to attend Ethics School.
 

 |sThe ODC filed an objection to the hearing committee’s recommended sanction, arguing that it was too lenient and should run consecutively to respondent’s suspension in
 
 Peters I.
 

 Disciplinary Board Recommendation
 

 After reviewing this matter, the disciplinary board found that the stipulated facts appear to be proper and adopted same as the findings of fact. The board also noted that the parties stipulated to respondent’s violation of Rules 1.5(f)(4), 1.5(f)(5), 1.15(a), 1.15(c), 1.16(d), 8.4(a), and 8.4(c) of the Rules of Professional Conduct.
 

 Based on these stipulations and findings, the board determined that respondent violated duties owed to his client and the legal profession. The board also determined that respondent’s conduct was knowing, if not intentional. His conduct caused significant injury in that Ms. Forrest was deprived of $209 in filing fees for more than nine months and potentially has been deprived of $600 or less in unearned fees for approximately two years or more. Furthermore, Ms. Forrest was forced to hire another attorney to file a lawsuit against respondent in an effort to recover her funds. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined that the baseline sanction is suspension.
 

 In aggravation, the board found a dishonest or selfish motive, a pattern of misconduct (when considered with the similar misconduct in
 
 Peters I),
 
 vulnerability of the victim, and substantial experience in the practice of law (admitted 1976). The board found no mitigating factors present.
 

 Under these circumstances, the board recommended that respondent be suspended for one year to run consecutively to the suspension imposed in
 
 Peters I.
 
 RThe board further recommended that respondent be ordered to attend Ethics School and comply with the fee arbitration agreement.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re:
 
 
 *424
 

 Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 Respondent has stipulated that he converted $209 in filing fees to his own use while the funds were in his possession as he did not hold the funds in a trust account and instead held them in the form of cash. He has also stipulated that he failed to place disputed funds in a trust account and failed to refund the unearned portion of the $600 fee paid by his client. He agrees that, in acting as he did, he violated the Rules of Professional Conduct.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and 17deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 The disciplinary board’s assessment of the harm done to Ms. Forrest and respondent’s mental state are supported by the record. The record also supports the aggravating factors found by the board. There do not appear to be any mitigating factors present.
 

 Formal charges were filed against respondent in
 
 Peters I
 
 in March 2005. Ms. Forrest hired respondent in September 2005. Even aware of the pending charges in
 
 Peters I
 
 and the allegations of misconduct against him, respondent continued to engage in similar misconduct in his representation of Ms. Forrest.
 

 Given respondent’s history with the disciplinary system, we feel additional discipline is warranted. Accordingly, we will accept the disciplinary board’s recommendation and suspend respondent for one year, to run consecutively to respondent’s current suspension in
 
 Peters I.
 
 We will also order respondent to attend Ethics School and submit the fee dispute to fee arbitration.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Stephen K. Peters, Louisiana Bar Roll number 10471, be and he hereby is suspended from the practice of law for a period of one year, which suspension shall run consecutively to the suspension imposed in
 
 In re: Peters,
 
 07-0349 (La.6/29/07), 959 So.2d 846. It [Ris further ordered that respondent shall attend the Louisiana State Bar Association’s Ethics School and submit the fee dispute to fee arbitration pursuant to the agreement in the joint stipulation. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 JOHNSON, J., would order briefing addressing whether the sanction recommended by the Disciplinary Board is appropriate.
 

 [1]
 

 . Respondent apparently tried to contact Ms. Forrest at her home telephone number to discuss the matter but received no response because, unbeknownst to him, she was in the hospital.